My name is Quinn Denner. I represent the petitioner, Marcelone Hughes. Both Mr. Rice and I want to thank the Court of Recovery Judge Smith for accommodating my leaving for a family vacation on the Jersey Shore. I would like to reserve three minutes. Mr. Hughes seeks authorization to file a second habeas corpus challenging his minimum sentence under this Alleyne, I guess it's pronounced, v. United States Supreme Court decision. He has to come here to get the authorization to even file in district court, and he has to show that it's a new rule, which I think is undisputed, that the rule was not previously available. I think that's undisputed. And the one that is the bigger question is whether it is a rule that had been made retroactive on collateral attack by the Supreme Court. That's the third one. I want to tell the Court, I think that this is a case of first impression. There are a number of circuits that have found that it was not made retroactive by the Supreme Court, but none of them have considered the argument that we're making here, which is based on Ivan V. v. the City of New York and Mulaney v. Wilbur Hankerson v. North Carolina. Well, maybe I should stop you. It doesn't seem to me that Alleyne, and I'll call it that because you did, that Alleyne is any more than an extension of Apprendi. I think that's correct, Your Honor. It's an extension, which it was in turn, is an extension of Winship. Okay. So if Alleyne is nothing more than an extension of Apprendi, then we've already said that Apprendi doesn't apply retroactively at all. Well, Your Honor, but that is In Sanchez-Cervantes, we said Apprendi does not apply retroactively. So then why should Alleyne apply retroactively? Your Honor, the reason is that in that case, the court said that this is merely, the question then was the drug quantity that would affect the sentence. Well, and it was totally a sentencing matter. And so they said Apprendi is a sentencing rule. And so therefore, we're not going to retroactively apply this. Alleyne is nothing more than an extension of Apprendi. It's a sentencing rule. And so therefore, I don't see why retroactivity is at all an issue. Well, because it may go back to Sanchez-Hernandez, what the court said there was it's merely a sentencing factor. And there's no question about the fact that he was proved beyond a reasonable doubt guilty of the offense. Now, that analysis no longer fits after Alleyne. Alleyne says that the nature of the weapon for this particular count three is an element of the offense. And so there is a question. That has not been proved. That question of guilt has not been proved beyond a reasonable doubt. So the analysis that was used in Alleyne, I'm sorry, in Sanchez-Hernandez is kind of the same one that was used in Harris. And that Harris was overruled by the Supreme Court and said, no, this is an element of the offense that has to be proved beyond a reasonable doubt. Well, it seems to me, however, that what we have here is just a matter of what to sentence this particular individual. He's been found guilty. He's been found guilty of brandishing a firearm. He has not been found guilty beyond a reasonable doubt of brandishing an assault weapon. And I think that's the difference. They say that that's not just a sentencing question anymore. These are separate offenses. And he has been found guilty. Counsel, is the reason it matters that there — that this isn't, as you said, an element — and I refer to it as an element and a separate offense. I'm sorry. I couldn't hear that, Your Honor. Here's what I'm trying to get at. I think that the immediate question that one goes to is, if Apprendi's not retroactive, as Judge Smith suggests, then how could this be retroactive? And it seems to me that one — that what your briefing might be getting at is that in Apprendi, the question was there's a substance and there's no question that this individual was convicted of whatever it was, possessing or distributing the substance. And the extra fact considered at sentencing was how — was the quantity of the substance, right? Okay. So now, in Alain, what we're talking about, I think the other element that you're talking about is, we'll say, using a firearm in the condition of a felony versus the type of the firearm or whether the firearm was discharged or whether the firearm was brandished and so on and so forth. And so with that, when you — when you stress this additional element, it seems to me what we're talking about with the separate defense that may be a distinguishing factor is that if — if this additional fact is found, it's not considered at sentencing as a — as a — on a sort of a sliding scale, it's an all or nothing, right? If this other fact is found, there must be another five years imposed or there must be another three years imposed. It doesn't seem to me there would be any discretion at all here. That's correct, Your Honor. Is that why you refer to it in your briefing as a separate element and a separate offense, because there wouldn't be any discretion? Yes. Well, because — because, in effect, he has been sentenced for brandishing an assault weapon, but he's only been found beyond a reasonable doubt of brandishing a firearm, which seems not to make much difference except, as you say, it triggers a mandatory minimum of three years extra. And — And that's why you think it has to be found beyond a reasonable doubt, because the judge, if he finds it, must sentence him. Is that it? That's it. And — and — and basically, that's what the lien said. The lien said that the problem was that the — that the fact that the brandishing had been found by a judge — it's not the judge's question. It's the — Right, right. It's the standard of proof on it. And I would say that whatever the Ninth Circuit and other circuits have said, and I say this with — without — with all respect for the Court, about the retroactivity of — of Prendy, the Supreme Court has not held the beyond a reasonable doubt part of that, the one we're talking about, not to be retroactive. They did hold in — in Summerlin v. Shiro that the one about who was a trier of fact was not retroactive. And they reasoned that there wasn't a big enough difference in terms of the accuracy of the — of the between those two triers of fact. What — what — we go back to what the Supreme Court said, because that's — it's really what — you know, have they made it retroactive? They said in Winship and they said in Mulaney, they said that is — this is a critical point that calls into question. If you — if you have convictions based on preponderance instead of by proof beyond a reasonable doubt, that calls into — that's a — that's a huge difference, and we're the reason that we're making it completely retroactive. It's a very unusual one, and that's what the Court has said. And I understand that the — the circuits have dealt with Prendy, but the Supreme Court has never taken that part of Prendy and said, we agree. They have said it about the — the trier of fact question, and they've explained why that was true. And it's totally consistent with — with Ivan v. and Winship and those cases, which puts this premium on the — on proof beyond a reasonable doubt in terms of accuracy. And so, I mean, as I say, the question is, what has the Court done to make this retroactive? And our argument is, it's very clear from Tyler v. Kane that they can make — they can make it retroactive in two ways. One is, they can take a case, they can make a new rule, then take another case and decide the retroactivity. They seldom do that. They can also do it by multiple holdings if the holdings in those cases necessarily dictate the retroactivity of the new rule. And — and our point is, and as I say, this has not been dealt with by any court, so — What — well, several circuits have ruled on whether this is retroactive. Not on this argument, Your Honor. They've — no one has looked at — at these cases that Ivan v. and — and Mulaney. It's been totally ignored. Are those — Of course. Citations that you say necessarily dictate this result? They do. And — and I'll give you — let me follow up if I can with the point. The example they gave in Tyler v. Kane where you can have something like a rule made retroactive by multiple holdings would be if you — if the Court established a category of cases that are completely retroactive, and then they later decided a — a case that fell within that category, they said, well, that would mean that this — the rule in this case would be completely retroactive. And — and our point is that that's exactly what we have here. In Ivan v., the — the Court established a category of cases, cases where previously the — the question of guilt was found by a preponderance of the evidence, said now it's required to be proven beyond a reasonable doubt, winship, and said that that is the kind of case that is completely retroactive. Well, but Ivan isn't quite that simple, it seems to me, because there the Court said where the major purpose of a new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs the truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. So it's not quite that broad, it seems to me. Well, and — but what they said was that the — that the Winship case, which required proof beyond a reasonable doubt in juvenile adjudications, where previously it was — it was preponderance of the evidence, they said that is — that imposition of — of the proof beyond a reasonable doubt standard fits into the definition that you have and therefore must be completely retroactive. Now, I will say that — that Ivan v. — and we haven't — I have to tell you, this — this — a lot of this isn't preparing for this argument. It's kind of become more refined. Ivan v. was, in fact, review on direct review. In other words, Ivan v. was a direct appeal taken on cert. So the statement was made there, complete retroactivity in a direct review case. But Mullaney v. Wilbur was a collateral attack case. That was a case where the state court had ruled. It was — went over to federal court, came up before the Supreme Court, and the Supreme Court said, we are going to apply Winship in a collateral attack. And they cited Ivan v. and they said, we have already decided this gets complete retroactivity. And I think that — that creates that category of cases that Apprendi, Alleen and the other ones, where they come forward and said, you know, this is really important. These questions of guilt have to be decided beyond a reasonable doubt, not by a preponderance. And it should be applied on direct review and on collateral attack. I'm — I'm still — I guess I'm still having a tough time, because it seems to me that Alleen affects the enhancement of your client's sentence after he'd been convicted beyond a reasonable doubt of brandishing the firearm during a crime of violence. Correct. So if that is it, then the increased sentence that he got was not affected at all by the accuracy of his underlying conviction. The thing is, Your Honor, that — I mean, to me — I mean, it seems to me that you're making the same arguments that people made in — regarding Ivan v. and Hankerson when we were trying to decide what to do with Apprendi. The same arguments. I don't see any difference. Well, I — And, frankly, I guess I want you to tell me why it is different. Well — All we're doing is we're either increasing or decreasing the general — It's not true, Your Honor. Well, you omitted everything I said. I just don't understand how you're making your argument. That's because you were so persuasive for a moment. But let me tell you what I think is wrong. First of all, I have never seen anywhere where this argument that I'm talking about here was ever dealt with by a circuit court on the Apprendi issue. And it certainly hasn't been on a lien. The other thing is, the big thing that changed here is — Well, isn't it true? I guess the bottom line is, it seems to me that the application of a lien here only affects the enhancement of your client's sentence. After being convicted, beyond a reasonable doubt, of the brandishing of the firearm. Well, Your Honor — That's the only thing it affects. Are you saying that isn't true? It affects — no, it affects what he is convicted of. And what you're talking about, and which Sanchez Cervantes says, was what was true in Harris. Harris was the case that said, these are sentencing enhancements. They don't have to be proved beyond a reasonable doubt. A lien overruled Harris and said, no, no, these are elements of an offense. And there's two different offenses. One is the offense of brandishing a firearm, and that has a certain mandatory minimum. And the second offense is brandishing an assault weapon. That is a different offense. It's not — so he has been convicted, beyond a reasonable doubt, of brandishing a firearm. But he's been sentenced for a different offense, which is brandishing a assault weapon, which is only found by a preponderance of the evidence. Harris supported what the Court did previously on Apprendi. But Harris has been overruled, and they've been very clear in that case. They said, no, this is not sentencing enhancements. These are questions that are treated as convictions.  Your time is over. Thank you. Thank you, Your Honor. We'll hear from Mr. Rice. Is my time totally over? Yes. Well, you did use it all. I guess, in my discretion, I can give you another couple of minutes or seconds. But you used it all. May it please the Court, distinguished counsel, Mr. Denver. My name is Deuce Rice. I'm an assistant U.S. attorney assigned to the Fresno branch office. I was the original prosecutor on this case and had it for all these many years. The government's position is consistent with basically what Your Honor, Judge Smith, has pointed out, is the lien does not have legs of its own. It's based on Apprendi. Apprendi is not retroactive. Well, if anything, though, the devil's advocate's position there would be that Apprendi is an easier case, right? Apprendi just talks about this additional fact being triggered and needing to find it by a heightened burden of proof if you're talking about raising the ceiling. But what about the argument that in this case what we're talking about is if this additional fact is found, it's really a different offense and there wouldn't be discretion. He's going to get more jail time, period, if the judge finds this fact. What about that? At the time that this case was tried, and it was originally Harris was the law. So at that point in time, there was no discretion. At that time, it was a sentencing factor. The nature of the firearm was a sentencing factor. It was not hard to prove. I had photographs of the defendant wearing a shield. But whether it was hard or not, it wasn't found beyond a reasonable doubt, right? The nature of the weapon wasn't, right? Harris was very clear that as to a sentencing factor, a preponderance of the evidence was what the judge applied to a sentencing factor that affected that just increase of three years. So, you know, at the time that this was tried, you know, that was the law. And now it's switched over, back over, and now they're saying under a lien now, to bring this charge, you would charge that it was brandishing a semi-automatic assault weapon. You put on your ATF agent, just like I had an ATF agent that testified to the interstate nexus and the firearm at the original trial. It's not hard to prove. This is not a hard thing to prove. But, counsel, just to cut to the chase, Harris was the law at the time, and I don't think there's any question about that. This is permissible then, and it isn't permissible now, right? Correct. Right. So we're just talking about retroactivity, right? Correct. And basically, this is a lien. It's just an extension. As a printee affected what you had to prove to get to the statutory max. A lien affects what you have to prove to get to the mandatory max. So now you're all the way back to the question I asked a few minutes ago, and I really would appreciate it if you'd answer it. What about the fact that it's not really just the same? I mean, what he's arguing is if you find this fact, it's not just a question of raising the ceiling where a defendant may or may not get more jail time. If this fact is found, that the gun that was brandished was an assault weapon, then this individual must receive additional time. Doesn't that make his argument easier than a printee? To me. More important, in other words, for all the reasons that were articulated by the Supreme Court and a printee, more important that this fact be found beyond a reasonable doubt. I mean, I'm not saying that's my view of the case. I do think that's the argument that's coming upon you to respond to. Maybe in a practical sense, because under 924C counts where you've got use or carry or brandishing or discharging or the type of the firearm, most courts, district courts, sentence at the mandatory minimum. So I would say that's probably true, you know, what you're saying. Do I think that it's important to prove it beyond a reasonable doubt now? Absolutely. But back then, when it was a sentencing factor under Harris, no. I mean, prosecutors basically need clear rules. Counsel, that's the given. We're just here to talk about retroactivity. So if you could confine your remarks to that or really focus on it, that's what's going to help me decide this case. Because everyone understands what Harris required and what Alain required. Okay. Why shouldn't this be retroactive? Because in order to get review, a second or successive 2255 motion must contain a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, not this Court. And I think that's what Judge Easterbrook in the Seventh Circuit was pointing out. So what the opposing counsel says is that Judge Easterbrook and any of the other circuits that have ruled on this haven't addressed this argument. Can you address this argument? When you look at Winship, Ivan v. Mulaney v. Wilbur, U.S. v. Sylap, when are those from? Those are all from the 1970s, nearly 40 years ago, if not more. They are totally out of step, and they predate Teague, which is 1989, Tyler, 2001, and the Anti-Terrorism and Effective Death Penalty Act of 1996. Modern Supreme Court jurisprudence regarding non-retroactivity of new rules on collateral review would totally foreclose. I mean, if you look at the children's assumption So let's talk about Teague. Can you apply Teague for me and tell me why it cuts your way? Why Teague cuts my way? Right. Counselor, I think it's pretty dang important, and I say that because I took your arguments, really, and gave them to counsel, but it's a very tough situation here. Is this something more than just he's already convicted of the crime? Well, I'm trying to He's already convicted of the crime of brandishing a firearm. No question. But what he's saying is what he's now been sentenced for is not that crime. It's a bigger crime. Therefore, it is truth finding. It is. It is truth finding. Of course. And therefore, it is retroactive, he says. I don't think that that's necessarily so. Just because it's truth finding doesn't mean that it's retroactive. A lien doesn't This is from the Enri Mazzio case that was just decided by the Sixth Circuit. And it says a lien does not fall into either Teague exception because it is not a substantive rule, and it also does not meet the high standard for new rules of criminal procedure. Comparing the lien to Ring v. Arizona is instructive. In Ring, the Supreme Court held that capital defendants are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment. The Supreme Court then considered whether Ring was applicable to cases on collateral review and concluded that it was not. The Supreme Court's reason in Summerlin that Ring's rule requiring fact finding by a jury rather than a judge is not substantive indicates that a lien's rule is similarly procedural rather than substantive. Moreover, the Supreme Court's conclusion that Ring, which was a death penalty case, is not a watershed procedural decision because judicial fact finding does not fall into either Teague exception. And that's the same thing here. The evidence that I had on what the nature of this firearm was was freaking overwhelming. Judge Ishii, even because he found that by a number of hundredths, it would – the standard would not have mattered. Wait, wait, wait. This is not responsive to the question about, which is purely a matter of law, about whether this should be applied retroactively. We're not here to re-sift the evidence. But it should not apply retroactively. That's what we need you to answer. That's what Judge Smith needs you to address. And frankly, I do, too. I think we are all waiting to hear about Teague. I just – I just basically went through the analysis of what Teague would require. Well, you told us what the Sixth Circuit thinks about this piece of aging. I did the same thing. I see. Well, just a minute. With regard to the Seventh Circuit, you mentioned Judge Easterbrook. Right. But in Simpson, he didn't even mention reasonable doubt. It was a broad-brush opinion and didn't deal with that issue, right? That's correct. So it's not very good. That's distinguishable, then, from the current case. That's correct. Okay. I think – Then another point. I'm a trial judge. And now when I would try this case, the instruction would be different for this case than it would have been back when you tried it, because now the assault weapon would be a part of the elements to be given to the jury, right? Of course. Okay. Of course, yeah. You know, I think that, you know, judges and prosecutors, we need clear rules. When the rules keep changing, you know, it creates problems. The Supreme Court has – there is a long list of cases dealing with what's non-retroactive. The Supreme Court has not found anything but Gideon to be retroactive on the thing. And if the Court needs a citation, I have another case, recent case, that I could give the Court to look at on what the likely outcome was when the Supreme Court basically overturned the Ninth Circuit on the Crawford v. Washington being retroactive. Do you agree that a lien is a new rule? I agree it's a new rule. It's a new rule. The problem is it's not a watershed rule of criminal procedure. And I think that that's what it comes down to. It would have to be something that's so different. And it's not so different from apprendi. And I think that's what Your Honor was pointing out. How could this be retroactive if apprendi is not? And I guess that's why Judge Christin has asked you the question and I tried to go at it just a little bit differently. In this particular matter, it doesn't really look like it's a shifting of the sentencing, if you will, the sentencing range based on what was happening. What counsel's arguing is it is entirely a different crime. Therefore, would fit under retroactivity that he would like it to be. And we wanted you to respond to that because it seems that it is a different crime, that there are different elements. And we want you to respond to that because, of course, your argument is once convicted of brandishing the firearm, you're in. He says, no, this is different. This is a different situation. I understand that. I can see how you're trying to parse it out. But I don't think that the Supreme Court has found that this is retroactive. And I don't think it's likely that the Supreme Court would find it retroactive, given the modern jurisprudence from the Supreme Court on non-retroactivity of these new rules. Now, you said that Gideon was the only time the Supreme Court made something retroactive. What about juveniles? When juveniles, the burden with regard to them was changed from reasonable doubt to beyond a reasonable doubt. And then if it was changed on them and that's retroactive, then when we're doing the same thing here with regard to this element, why isn't it retroactive here? Because that case, Ivan V., was back in the 1970s. That predates Teague. That predates Tyler. That predates all the modern jurisprudence, you know, on what is retroactive for purposes of collateral review. It would seem to meet the test of Ivan, though, that I read out earlier to the opposing counsel. The juvenile change would seem to meet that test. I think if that case came up now, with the way the Supreme Court has been ruling on retroactivity, the result might very well be different. Did you have other questions? What would you base that on? The result would be different now. Because Ivan, for example, the test that I suggested is still there. I mean, what makes you think it would be any different now? Let me go to This is from Wharton v. Bakhtin, 459 U.S. 406, 2007. Sorry, 459 U.S. what? 406. Thank you. This is from Judge Aliotto, writing for a unanimous Supreme Court. And in the years since Teague, this is at 418, we have rejected every claim that a new rule satisfied the requirements for watershed status. See, for example, Summerlin, rejecting retroactivity for Ring v. Arizona. Beard v. Banks, rejecting retroactivity for Mills v. Maryland. O'Dell, rejecting retroactivity for Simmons v. South Carolina. Gilmour, rejecting retroactivity for a new rule relating to jury instructions on homicide. Sawyer v. Smith, rejecting retroactivity for Caldwell v. Mississippi. I appreciate you reading that to me. But what is the language of Teague? And this is kind of back to where Judge Christin was some time ago. But what is the language of Teague that you think is so overwhelming here that we ought to apply, that would make it such that you should prevail? What language? How does Teague relate here? Okay. Of course, the Supreme Court can make a new rule of law retroactive by putting in a category of cases previously held to be retroactive. Those categories are new substantive rules that place certain kinds of primary, private, individual conduct beyond the power. Where is that? What page is it? Teague v. Lane, 489 U.S. 288 at 311. And new procedural rules that are... No, no, no. What are you reading from in Teague? I'm not reading from a case that's citing Teague. Oh, I see. Because I couldn't find that. I've got Teague in front of me and I couldn't find it. Well, I don't have Teague right in front of me. I don't have the Teague opinion right in front of me. What I do have is the cases analyzing whether Teague applies to Lane. Is this in your brief, this stuff that you're now giving? Yes. Yes, I think it is. Yes. Okay. Well, then, I think your time is up. We'll stop your argument. I think we have it well in mind. Thank you very much. Thank you, Your Honor. Your Honor, I wonder if you would accommodate me and let me make two points. I think it would interest some of the questions that the Court has asked. Well, I told you I'd give you 30 seconds. I'll do it. Okay. The question about are these separate offenses, if you look at page 2 of our opening brief, I cite the two different sections of the U.S. Code, the one he was charged under and the one he was sentenced under. I don't have it in front of me, but anyway, you may want to look at that. They're different offenses. They're not just a sentencing change. The second one is, Mr. Rice keeps saying that these cases that were decided by the Supreme Court are kind of out of touch, they don't mean anything anymore because they've been overtaken by Teague. Well, first of all, the Supreme Court has never said that. And in fact, they fit into one of the exceptions in Teague, which is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. And I've quoted in here what the Supreme Court said about the reasonable doubt standard. And it says, and I don't have enough time, but in both Ivan V. and Hankerson, they said, that this is the problem. This implicates the accuracy and truth-finding aspect of it. So I think it's totally consistent. I appreciate it. What you want to make it into is an accuracy and truth-finding situation rather than a sentencing situation, correct? Correct. I understand your argument. Thank you. Thank you very much. We appreciate your argument and appreciate you coming today and appreciate the State accommodating Council and coming when Council could come. We appreciate all of that. And this session is now adjourned.
judges: Piersol, SMITH, CHRISTEN